## JARECKI MANUFACTURING COMPANY v. MICHAEL P. RYAN and Others.[1]

February 24, 1911.

Nos. 16,841—(182[2]—34[3]).

**Partnership in operation of oil leases — liability for goods supplied.**

In an action to recover for goods sold and delivered to defendants, it is *held* that the evidence justified the court in finding that a copartnership existed between defendants at the time stated in the complaint, that plaintiff sold and delivered to the copartnership goods and merchandise of the value alleged, and that no reversible errors were committed during the trial.

Action in the district court for Ramsey county to recover $3,683.-77, balance alleged to be due upon the purchase price of certain goods. The separate answer of defendants Ryan and Fletcher alleged that the materials were not sold and delivered at defendants'

[1]Reported in 129 N. W. 1055, 130 N. W. 948.
[2]October, 1910, term calendar.
[3]April, 1911, term calendar.

[Note] Effect of agreement to share profits to create partnership, see note in 18 L.R.A.(N.S.) 963.

request; that if any goods were sold they were paid for; that if they were sold and delivered, and not paid for, plaintiff extended the time of payment to defendant Chandler by taking the note of defendants Chandler and MacMillan, without the knowledge or consent of the answering defendants; that plaintiff was estopped to recover because of a statement by plaintiff to them that all its claims against the partnership had been settled. The case was tried before Kelly, J., who ordered judgment in favor of plaintiff for $2,737.09. From an order denying their motion to set aside the decision and for a new trial, defendants Michael P. Ryan and Horace B. Gates, as administrator of the estate of Paris Fletcher, deceased, substituted defendant for Paris Fletcher, jointly and severally appealed. Affirmed.

*Durment, Moore & Sanborn* and *William G. White,* for appellants.
*Edward P. Sanborn,* for respondent.

[JAGGARD, J.][1]

Defendant Chandler, owning oil leases, sold an undivided three-fourths interest to defendants Ryan, Fletcher, and MacMillan. The leases were operated for the benefit of the four persons, but without any formal partnership agreement. There was no partnership, unless implied by law from the facts proven; but we find evidence from which the trial court was justified in finding the existence of that relation between the parties. Chandler managed the property, sold the oil, and applied the proceeds to expenses. The leased property was taken over by the "Guaranteed Petroleum & Gas Company." At this time Chandler's management ceased. Plaintiff claimed a balance on account of supplies furnished for operation prior to the time the corporation took over the property. On the evidence introduced the trial court found, among other things, that defendants were partners; that there was a balance due the plaintiff of $2,737.-09. This appeal was taken from an order of the court denying a motion for a new trial.

The principal assignment of error was addressed, not to the question whether the defendants were mere co-owners, and not partners, but to an alleged error in allowing certain witnesses to testify

[1]See per curiam order on page 40.

as to the sale and delivery of the goods, and the value of the goods, without producing the books.

The witness testified in great detail as to the items and value of the items. Defendant insists that by this means the witness merely read in the record books of account which were not competent for admission in evidence. This testimony was taken by deposition. Objection was not made to the competency until the time of the trial. That was time enough, and there is no doubt that, if this were all there was to the testimony, defendant's assignment should be sustained. The matter of competency is primarily addressed to the discretion of the trial court. This court will not disturb its conclusion, unless a great abuse of discretion appears.

The plaintiff insists that the witness was not introducing the books in evidence, but was giving the testimony of his own personal knowledge. He was the manager of the plaintiff. We are not prepared to hold that under these circumstances reversible error on the part of the trial court appears. This conclusion is the more reasonable, in view of the absence of clear controversy as to the fact of sale and delivery. The defendant's answer alleges "that, if plaintiff sold and delivered the goods, wares, and merchandise * * * the plaintiff was long since paid in full therefor." Taking the record as a whole, we find in it no reversible error.

PER CURIAM.

For the reasons stated in the foregoing opinion, prepared by the late Justice JAGGARD, the order appealed from is affirmed.

On April 21, 1911, the following opinion was filed:

PER CURIAM.

Upon the reargument granted in this case, attention is called to three questions involved in the appeal, not discussed in the opinion filed.

1. Did the taking of the note of two of the partners as an extension of the time for payment, but not in payment, leave the plaintiff free to sue the other partners on the debt in advance of the maturity of the note?

There was evidence from which the trial court might determine

that no note was in fact retained or accepted by plaintiff. The fourth finding of the trial judge would seem to include such a finding of fact. Such a finding would, in so far as the point here involved is concerned, sustain the conclusion of law here. This being the case, in the absence of a finding that a note was taken, we cannot assume, for the purpose of demonstrating error in the conclusion arrived at, that the trial judge found a note was taken. Further, the taking of the note, the relationship of the answering defendants, whether that of sureties or principal obligors, the agreement under which the note was taken, if at all, are matters of fact upon which findings would be necessary before the questions of law raised by appellant could be considered or determined. No findings were made by the trial judge on these questions, and the record does not show that any such findings were requested.

2. Was it prejudicial error to allow a witness for the plaintiff to testify to the absence in the account books of plaintiff of an entry showing settlement or payment of the account sued on?

One of the defendants, upon the trial of the case, testified that the plaintiff's manager, after looking at the books, told defendant the account was paid. A witness, presumably the person referred to as plaintiff's manager, testified in behalf of the plaintiff that he made no statement to the defendant that this account was paid, and in that connection testified that the books did not show payment. Without the books being in evidence such testimony as to their contents was incompetent, and should not have been received. But, while this testimony was in form testimony as to the contents of the books, it was in effect—the trial being before the court without a jury—a reiteration of the denial on the part of the witness that he had made the statement attributed to him. The error was not prejudicial.

3. Does the excess of amount found by the trial court to be owing entitle defendants to any relief on this appeal?

It is claimed on behalf of the appellant that it clearly appears that the amount of the account in issue, as found by the trial court, was $119.22 in excess of the amount shown by the evidence. Certain statements contained in the record support this claim; but an

examination of the accounts, as proven, supports the finding of the trial judge that the unpaid balance of the account was the sum of $2,737.09.

The former decision is adhered to.

[1] Reported in 129 N. W 1048.

[2] See per curiam order on page 43.